UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

QUICKEN LOANS INC.,
a Michigan Corporation,

       Plaintiff,

v.

EPIC MEDIA GROUP, INC., a Delaware corporation, f/k/a AZOOGLE.COM, INC., a Delaware Corporation, and AZOOGLEADS US, INC., a Delaware corporation, both d/b/a AZOOGLEADS.COM, INC., jointly and severally,

       Defendants.

Case No. 2:11-cv-_____

---

LAW OFFICES OF JOSEPH A. LAVIGNE
Joseph A. Lavigne (P50966)
Eric J. Wejroch (P67019)
Attorneys for Plaintiff
31700 West Thirteen Mile Road, Suite 96
Farmington Hills, Michigan 48334
(248) 539-3144 - voice
(248) 539-3166 - fax
joe@lavignelawoffices.com
eric@lavignelawoffices.com

## COMPLAINT

The Plaintiff, through its counsel, in support of its Complaint states the following:

### Parties, Venue and Jurisdiction

1.      Plaintiff Quicken Loans Inc. ("Quicken Loans") is a Michigan corporation with its principal place of business in Detroit, Michigan.

2. Defendant Epic Media Group, Inc. ("Epic") is a Delaware corporation with its principal place of business in New York City, New York.

3. Defendant Azoogle.com, Inc. ("Azoogle.com") is a Delaware corporation with its principal place of business in New York City, New York.

4. Defendant AzoogleAds US, Inc., ("AzoogleAds") is a Delaware corporation with its principal place of business in New York City, New York.

5. Defendants Epic, Azoogle.com and AzoogleAds both conducted and/or do conduct business as AzoogleAds.com, Inc. (all collectively, "Azoogle").

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because Quicken Loans is a citizen of Michigan, all Azoogle Defendants are citizens of Delaware, and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys fees.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because:

    a. The contract between Plaintiff and Defendant specifies that suit should be brought in a Michigan court;

    b. The breach of contract occurred in whole or in part in the Eastern District of Michigan and venue is proper pursuant to 28 U.S.C. § 1391(a)(2);

    c. The Defendants are subject to general personal jurisdiction in the Eastern District of Michigan pursuant to M.C.L. § 600.711(3);

    d. The Defendants are subject to limited personal jurisdiction in the Eastern District of Michigan pursuant to M.C.L. § 600.715(1);

    e. The Defendants are subject to limited personal jurisdiction in the Eastern District of Michigan pursuant to M.C.L. § 600.715(5);

**Factual Allegations**

8. On or about 1 August 2005, Azoogle and Quicken Loans entered into a Media Agreement ("the Agreement").[1]

9. Paragraph 7 of the Agreement contains Azoogle's representation and warranties that "it has obtained any and all requisite consent from the consumers to pass their information on to [Quicken Loans] as a Qualified Submission under [the Agreement]."

10. Paragraph 8 of the Agreement contains defined filtering criteria which limited "Qualified Submissions" to certain conditions, including that "the submission must come from a bona fide Visitor to the on [sic] [Azoogle's] web sites who has expressed a legitimate interest in applying for or inquiring about a mortgage loan."

11. Paragraph 11 of the Agreement contains an indemnification clause, wherein Azoogle agreed to "defend, indemnify and hold [Quicken Loans] harmless against all third party claims, suits, costs, fees (including but not limited to reasonable attorney fees) … incurred, alleged, claimed or sustained by third parties, that arise from or relate to:

> (a) a violation of applicable law asserted against [Quicken Loans] to the extend [sic] caused, in part or in whole, by the acts or omissions of [Azoogle] in the course of its performance of [the Agreement] (including; but not limited to, laws pertaining to privacy rights); [and]
> (b) a breach of [the Agreement]….

12. By the terms of paragraph 13C of the Agreement, "[i]f any action at law or equity is necessary to enforce or interpret the terms of [the Agreement], the prevailing party shall be entitled to an award of their attorney costs and fees incurred."

13. In April 2008, as a result of information submitted to Quicken Loans by Azoogle pursuant to the Agreement, Quicken Loans was named as a defendant in a suit in California ("the California Lawsuit").[2]

---

[1] *See* Exhibit 1.

14. The plaintiff in the California Lawsuit alleged, *inter alia*, that Quicken Loans "had a meeting of the minds with" and "acted to effectuate their agreement" and "contracted for the sending of commercial e-mail advertisements" Azoogle in the execution of violations of the CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701-7713 and 18 U.S.C. § 1037, and unlawful activities relating to commercial email advertisement. California Business and Professions Code, Division 7, Part 3, Chapter 1, Article 1.8, § 17529, *et seq*.

15. The plaintiff in the California Lawsuit alleged a violation of law against Quicken Loans caused by the acts or omissions of Azoogle in the course of its performance of the Agreement.

16. On 5 June 2008, Quicken Loans sought indemnification from Azoogle under the terms of paragraph 11 of the Agreement.[3]

17. On 19 March 2009, the Court granted Azoogle and Quicken Loans' motion to dismiss but permitted Hypertouch leave to amend its complaint.[4]

18. In lieu of amending its complaint, Hypertouch opted to permit the case to be dismissed, which was memorialized by an order entered 23 April 2009,[5] and to instead take an appeal.

19. On 9 July 2010 the District Court's order of dismissal was affirmed by the United States Court of Appeals for the Ninth Circuit.[6]

---

[2] *See Hypertouch, Inc vs. Azoogle, Inc, Intuit, Inc., Quicken Loans Inc., Rock Holdings, Inc., and Does 1-30*, filed in the Los Angeles County Superior Court in case number SC-097839, removed to the United States District Court for the Central District of California in case number 08-cv-03739, and transferred to the United States District Court for the Northern District of California in case number 08-cv-04970. Hypertouch's First Amended Complaint in that matter is attached as Exhibit 2. The quoted passages are from paragraphs 30-32 of the First Amended Complaint.
[3] *See* Exhibit 3 (Letter from Andrew Lusk to Jeff Botnick, VP for AzoogleAds.com, Inc.).
[4] *See* Exhibit 4 (Order dated 19 March 2009).
[5] *See* Exhibit 5 (Order dated 23 April 2009).
[6] *See* Exhibit 6 (Memorandum Opinion dated 9 July 2010).

20. On 16 August 2010, Quicken Loans again requested that Azoogle honor its indemnity obligations under paragraph 11 of the Agreement and demanded indemnification for $90,364 in legal fees and costs incurred defending the California Lawsuit.[7]

21. To date Azoogle has refused and unlawfully failed to indemnify Quicken Loans as required by the Agreement.

22. In addition to the fees incurred through the date of the 16 August 2010 indemnity demand, Quicken Loans has continued to incur legal fees and costs arising from the California Lawsuit, which costs continue to accrue.

## COUNT I – BREACH OF WARRANTY

23. Paragraphs 1-22 are incorporated as if more fully restated here.

24. The Agreement is a valid and enforceable contract between Quicken Loans and Azoogle.

25. Under the terms of the Agreement, Azoogle warranted that the leads passed on to Quicken Loans would meet certain criteria.

26. The actions of Defendant described above constituted a breach of warranty.

27. As a result of Azoogle's breach of warranty, Quicken Loans incurred costs and attorney fees in the California Lawsuit in the amount of $90,364, plus continuing costs and attorneys fees in California, plus costs and attorneys fees in this litigation.

28. This action being necessary to enforce the terms of the warranties in the Agreement, Plaintiff is entitled to an award of attorney costs and fees associated with this action.

---

[7] *See* Exhibit 7 (Letter from Andrew Lusk to David Graf, General Counsel and Sr. Vice President of Epic Advertising).

WHEREFORE, the Plaintiff requests that this Honorable Court enter a judgment in its favor and against Defendants, and award damages against the Defendants in whatever amount the Plaintiff is found to be entitled in excess of $75,000, and that is sufficient to compensate the Plaintiff for its actual, consequential, and incidental losses sustained as a result of the Defendant's breach of warranty; plus interest, costs, and attorneys fees.

## COUNT II – BREACH OF CONTRACT

29. Paragraphs 1-28 are incorporated as if more fully restated here.

30. The Agreement is a valid and enforceable contract between Quicken Loans and Azoogle.

31. Under the terms of the Agreement, Azoogle agreed to provide to Quicken Loans "Qualified Submissions" which met certain criteria.

32. The actions of Defendants described above constituted a breach of contract.

33. As a result of Azoogle's breach of contract, Quicken Loans incurred costs and attorney fees in the California Lawsuit in the amount of $90,364, plus continuing costs and attorneys fees in California, plus costs and attorneys fees in this litigation.

34. This action being necessary to enforce the terms of the Agreement, Plaintiff is entitled to an award of attorney costs and fees associated with this action.

WHEREFORE, the Plaintiff requests that this Honorable Court enter a judgment in its favor and against Defendant, and award damages against the Defendant in whatever amount the Plaintiff is found to be entitled in excess of $75,000, and that is sufficient to compensate the Plaintiff for its actual, consequential, and incidental losses sustained as a result of the Defendant's breach of contract; plus interest, costs, and attorneys fees.

## COUNT III – BREACH OF INDEMNITY

35. Paragraphs 1-34 are incorporated as if more fully restated here.

36. The Agreement is a valid and enforceable contract between Quicken Loans and Azoogle.

37. Under the terms of the Agreement, Azoogle agreed to defend, indemnify and hold Quicken Loans harmless against all third party claims, suits, costs, fees (including but not limited to reasonable attorney fees) … incurred, alleged, claimed or sustained by third parties, that arise from or relate to a violation of applicable law asserted against Quicken Loans to the extent caused, in part or in whole, by the acts or omissions of Azoogle in the course of its performance of the Agreement and a breach of the Agreement

38. The actions of Defendant described above constituted a breach of indemnity.

39. As a result of Azoogle's breach of indemnity, Quicken Loans wrongfully incurred costs and attorney fees in the California Lawsuit in the amount of $90,364, plus continuing costs and attorneys fees in California, plus costs and attorneys fees in this litigation.

40. This action being necessary to enforce the terms of the Agreement, Plaintiff is entitled to an award of attorney costs and fees associated with this action.

WHEREFORE, the Plaintiff requests that this Honorable Court enter a judgment in its favor and against Defendant, and award damages against the Defendant in whatever amount the Plaintiff is found to be entitled in excess of $75,000, and that is sufficient to compensate the Plaintiff for its actual, consequential, and incidental losses sustained as a result of the Defendant's breach of contract; plus interest, costs, and attorneys fees.

Respectfully submitted,

   /s/ Joseph A. Lavigne
LAW OFFICES OF JOSEPH A. LAVIGNE
Joseph A. Lavigne (P50966)
Eric J. Wejroch (P67019)
31700 West Thirteen Mile Road, Suite 96
Farmington Hills, Michigan 48334-2166
(248) 539-3144
joe@lavignelawoffices.com
eric@lavignelawoffices.com

Dated: 12 April 2011