UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUICKEN LOANS, INC.,

      Plaintiff,                           CASE NO. 11-11567

v.                                            DISTRICT JUDGE MARIANNE O. BATTANI

EPIC MEDIA GROUP, INC., et al.,     MAGISTRATE JUDGE LAURIE J. MICHELSON

      Defendants.
_____/

**ORDER ON DEFENDANT'S SECOND MOTION TO COMPEL PLAINTIFF'S RESPONSES TO DEFENDANT'S DISCOVERY REQUESTS [36]**

This is a breach of contract action. Plaintiff Quicken Loans, Inc. ("Plaintiff") seeks reimbursement from Defendant Epic Media Group, Inc. ("Defendant") for legal expenses that Plaintiff incurred in prior litigation (the "Hypertouch litigation"). Plaintiff believes it was entitled to indemnification from Defendant pursuant to a provision in the parties' August 1, 2005 marketing agreement. Defendant challenges Plaintiff's interpretation of the Agreement.

On March 1, 2012, Defendant filed this Second Motion to Compel Plaintiff's Responses to Defendant's Discovery Requests. (Dkt. 36.) The Motion was referred to this Court for hearing and determination. (Dkt. 37.) The Motion is fully briefed and the Court heard oral argument on March 29, 2012. For the reasons stated on the record at the hearing, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Compel as follows:

- Within twenty-one (21) days from the date of this Order, Plaintiff will produce – with the narrow exception of any entries that reveal confidential attorney-client communications – unredacted versions of the Bingham McCutcheon invoices in

relation to which Plaintiff seeks to recover fees. *See, e.g., Kwik-Sew Pattern Co. v. Gendron,* No. 08-309, 2008 U.S. Dist. LEXIS 74849, *2-3 (W.D. Mich., Sept. 25, 2008) ("The assertion that descriptions of work in billing records are protected by the attorney-client privilege has generally been rejected. *See Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir. 1999) ('Typically, the attorney-client privilege does not extend to billing records and expense reports.'); *O'Neal v. United States,* 258 F.3d 1265, 1276 (11th Cir. 2001) ('Indeed it is the law of this circuit that information involving receipt of attorneys' fees from a client is not generally privileged.'). In *Ideal Electronic Security Co. v. International Fidelity Insurance Co.,* 327 U.S. App. D.C. 60, 129 F.3d 143 (D.C. Cir. 1997), the D.C. Circuit held that by making a claim for reasonable attorney fees, the defendant surety company waived any attorney-client privilege with respect to redacted portions of billing statements and any other communications regarding the reasonableness of the fee amount. *See id.* at 151-52.'"); *U.S. v Amlani*, 169 F.3d 1189 (9th Cir. 1999) ("The identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.").

- Upon the production of the above-referenced invoices, Interrogatory Response No. 22 will be deemed responsive. Based on the representations of Plaintiff's counsel on the record, Interrogatory Response No. 19 is responsive and need not be supplemented and Interrogatory Response No. 23 is responsive with the understanding that the reference to "N/A" means no actions were taken by any legal

    counsel on behalf of Plaintiff in connection with the Hypertouch Litigation for which Plaintiff is seeking indemnification other than Bingham McCutcheon.

- Within twenty-one (21) days from the date of this Order, Plaintiff will (1) provide supplemental responses, as discussed on the record, to the following Document Requests: 22, 25, 26, 27, 35-43 (and the responses to Requests 35-43 will be deemed to cover Request No. 24); and (2) produce and/or make available for inspection and review, non-privileged documents responsive to the following Document Requests: 28 and 32 (with the exception of court filings and deposition transcripts). The following Document Requests do not need further responses: 20, 21, 29, 30, 31, 33, and 34.

- Plaintiff's request for relief, pursuant to Fed. R. Civ. P. 60, from this Court's February 1, 2012 Order regarding production of a privilege log is denied without prejudice. Plaintiff will produce a privilege log pursuant to Fed. R. Civ. P. 26(b)(5)(A) and this Court's prior Order. With respect to emails and the content of the Bingham McCutcheon file, Plaintiff may group the responsive documents by related categories and identify the date range of the documents, recipients and general subject matter. Within twenty-one (21) days from the date of this Order, the Court will conduct a telephonic status conference with the parties regarding the progress of the privilege log.

- Defendant's request for fees and costs is denied. Should Plaintiff fail to comply with this Order, however, the Court will award fees and costs to the Defendant should it prevail in any future motion.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Date: March 30, 2012					s/Laurie J. Michelson
							LAURIE J. MICHELSON
							UNITED STATES MAGISTRATE JUDGE

*Certificate of Service*

I hereby certify that a copy of the foregoing document was served on the parties of record on March 30, 2012, electronically and/or by first class mail.

					s/Barbara M. Radke
					Judicial Assistant